IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN COLEMAN, SCI-Fayette, et al.,<br><br>Defendants. | Civil Action No. 2: 14-cv-00351<br><br>United States District Judge<br>Arthur J. Schwab<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons set forth below, it is recommended that Plaintiff's Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (ECF No. 7) be dismissed.

**II.  REPORT**

A.  <u>Background</u>

Plaintiff, Dwayne L. Rieco, an inmate formerly confined in SCI-Fayette, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, he names various SCI-Fayette officials and employees, and alleges a variety of claims against Defendants including, *inter alia,* falsification of mental health records and violations of a number of his constitutional rights. Plaintiff seeks millions of dollars in damages and injunctive and declaratory relief from the Defendants.[1] The Complaint has yet to be served upon Defendants.

Plaintiff has filed the instant "Order to Show Cause For An Preliminary Injunction and

---

[1] It is not unusual for Plaintiff to file a motion for injunctive relief along with his Complaint. *See Rieco v. Scire*, Civil Act. No. 13-cv-1360, Western District of Pennsylvania (motion dismissed as moot); and *Reico v. Bronsburg*, Civil Act. No. 3: 13-cv-0075, Middle

1

Temporary Restraining Order" (ECF No. 7). Though the facts presented in the motion are less than a model of clarity, it appears that Plaintiff has raised claims outside the Complaint as he is complaining that an official at SCI-Pittsburgh has refused to make copies for him, thus denying him access to the court, and that this Court's Text Orders violate his "equal protection."[2]

B.  Discussion

Courts have an obligation to carefully screen inmate pro se pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions. Such requests for immediate injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained:

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting relief will be in the public interest.

*Gerardi v. Pelullo,* 16 F.3d 1363, 1373 (3d Cir. 1994).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the movant is likely to suffer irreparable harm before a decision on the merits can be rendered. *See Continental Group, Inc. v. Amoco Chems. Corp,* 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by

---

District of Pennsylvania (motion dismissed as moot).

[2]  It should be noted that the Court has issued only two Text Orders in this case to date, *to wit*: (i) On March 26, 2014, the Court issued a Text Order in which Plaintiff was ordered to provide the Court with proper service instructions for each named defendant; and (ii) on April 17, 2014, by Text Order, the Court granted Plaintiff's request for an extension of time in which to provide the Court with the required service instructions.

a legal or equitable remedy following a trial." *Instant Air Freight v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. *Id*. Speculative injury does not constitute a showing of harm. *Continental,* 614 F.2d at 359.

Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Weaver v. Wilcox*, 650 F.2d 22, 27 n. 13 (3d Cir. 1981) (prisoner's transfer from the prison moots claim for injunctive relief and declaratory relief with respect to prison conditions, but not claims for damages). The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698-99 (3d Cir. 1996).

As stated above, it is less than clear if Plaintiff is seeking preliminary injunctive relief against officials at SCI-Fayette, the named defendants, in this lawsuit, or against parties who are not defendants in this case, i.e., an employee / official at SCI-Pittsburgh and/or this member of the Court. What is clear though is that Plaintiff does not even attempt to meet the elements of a temporary restraining order.

To the extent Plaintiff may be seeking preliminary injunctive relief against officials at SCI-Fayette, it is clear from the record that Plaintiff is no longer housed at SCI-Fayette and there is no indication that he will be housed at that facility in the foreseeable future. As such, the

Court finds that Plaintiff's release from SCI-Fayette renders that portion of his motion for temporary restraining order moot.

To the extent that Plaintiff is complaining about the actions of an SCI-Pittsburgh employee, this is essentially a new action, against a new defendant with new claims arising out of a set of operative facts that are unrelated to the factual claims in this lawsuit.[3] Finally, to the extent that Plaintiff claims that the Court's Text Orders violate his constitutional rights, there is no support in law for this claim and as such, the Court finds that no further discussion is necessary. Because Plaintiff has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or immediate and irreparable harm, Plaintiff's request for preliminary injunction and temporary restraining order should be denied.

**III. Conclusion**

Accordingly, for the reasons stated above, it is respectfully recommended that Plaintiff's Order to Show Cause for A Preliminary Injunction and Temporary Restraining Order be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until June 13,

---

[3] While Plaintiff seems to be alleging an access to courts claim, the Court cannot help but comment that it does not appear that Plaintiff's efforts to file lawsuits or filings have been thwarted by prison officials as he has been prolific in his court filings. There are currently pending three (3) different lawsuits in this Court filed by Plaintiff, in which the Court receives frequent, if not weekly, filings from Plaintiff, as well as at least one (1) additional pending lawsuit in the Middle District of Pennsylvania.

2014, to file Objections to this Report And Recommendation. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                *s/ Cynthia Reed Eddy*
                                                Cynthia Reed Eddy
                                                United States Magistrate Judge

Dated: May 27, 2014


cc:    DWAYNE L. RIECO
       HU-2494
       SCI Pittsburgh
       Post Office Box 99991
       Pittsburgh, PA 15233